IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INS INSURANCE, INC.**, as Subrogee of Dan Tollett<br><br>And<br><br>**SCHNEIDER NATIONAL CARRIERS, INC.**<br><br>    Plaintiffs,<br><br>v.<br><br>**AS EXPRESS CORPORATION**<br><br>And<br><br>**MANPREET BRAR**<br><br>    Defendants. | CIVIL ACTION NO.: |

## COMPLAINT

NOW COMES the Plaintiffs, INS INSURANCE, INC. as Subrogee of Dan Tollett, and SCHNEIDER NATIONAL CARRIERS, INC., by and through their attorneys, Powell, Kugelman & Postell, LLC, and as and for their Complaint against Defendants, AS EXPRESS CORPORATION and MANPREET BRAR state as follows:

## THE PARTIES

1.  At all times relevant, Plaintiff INS Insurance, Inc., as subrogee of Dan Tollett ("Plaintiff INS") is a foreign insurance company organized and existing under the laws of the State of Vermont whose principal place of business is located at 3101 S. Packerland Drive, P.O. Box 2680 Green Bay, Wisconsin 54306.

1

2. At all times relevant, Plaintiff Schneider National Carriers, Inc. ("Plaintiff Schneider") is a for-profit corporation organized under the laws of the State of Nevada and maintains a principal place of business in Green Bay, Wisconsin.

3. At all times relevant, Defendant AS Express Corporation ("Defendant AS Express") was a New Jersey corporation with its principal place of business in New Jersey.

4. At all times relevant, Defendant Manpreet Brar ("Defendant Brar") was a natural person who is a resident and citizen of New Jersey.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000 and is between citizens of different states.

6. This Court has personal jurisdiction over Defendant AS Express as Defendant AS Express has a principal place of business in New Jersey.

7. This Court has personal jurisdiction over Defendant Brar as Defendant Brar is a citizen of New Jersey.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

9. At all times relevant herein, Plaintiff INS insured for physical damage a 2018 Daimler Chrysler-tractor bearing the VIN 3AKJGLDR1JSHF1503, owned by Dan Tollett (the "Daimler Tractor").

10. At all times relevant herein, Schneider owned a 2017 Great Dane trailer bearing the VIN/serial no. 61880 and United no. TA160778 (the "Schneider Trailer," and collectively with the Daimler Tractor, the "Daimler-Schneider Truck").

11. On or about August 26, 2019, at approximately 6:22 p.m., Dan Tollett (hereinafter, "Mr. Tollett") was operating the Daimler-Schneider Truck westbound on Interstate-30 in Rural Hempstead, Arkansas in a lawful manner.

12. At the same time, date, and location, Amos French ("Mr. French") was operating a 2019 Peterbilt truck bearing the VIN 1XPBDP9X6KD496261 ("Peterbilt Truck") westbound on Interstate-30 ahead of the Daimler-Schneider Truck.

13. At the same time, date, and location, Defendant Brar was operating a 2018 Freightliner bearing the VIN 3AKJHHDR6KSKE4637 ("Freightliner Truck") westbound on Interstate-30, behind the Daimler-Schneider Truck.

14. At the same time, date, and location, Defendant Brar was operating the Freightliner Truck, a commercial motor vehicle, in interstate commerce and/or intrastate commerce.

15. Upon information and belief, at all relevant times herein, the Freightliner Truck was owned by Defendant AS Express.

16. Upon information and belief, at all times relevant herein, Defendant Brar was an agent and/or employee of Defendant AS Express and was operating the Freightliner Truck within the course and scope of his employment with Defendant AS Express.

17. At the same date, time, and location, Defendant Brar operated the Freightliner Truck in an unsafe, inattentive, careless, negligent, and/or erratic manner such that he failed to slow down and/or stop and/or failed to maintain an assured clear distance ahead and impacted the rear of the Daimler-Schneider Truck, which caused the Daimler-Schneider Truck to impact the rear of the Peterbilt Truck ("Accident").

18.     Defendant Brar's impact to the Daimler-Schneider Truck and the resulting impact by the Daimler-Schneider Truck to the Peterbilt Truck caused extensive damages to the Daimler-Schneider Truck.

19.     As a direct and proximate result of Defendants' negligence, Plaintiff INS suffered a loss covered by the physical damage policy that insured the Daimler Tractor and, pursuant to the terms of its policy of insurance, paid the sum of $103,047.24, which includes the amount determined to be the Daimler Tractor's total loss, in addition to hazmat cleanup of the site of the Accident.

20.     As a direct and proximate result of Defendants' negligence, Plaintiff Schneider suffered damages in the amount of $38,433.76, which includes trailer damages, cargo transload expense, trailer tow expense, and trailer loss of use.

## FIRST CAUSE OF ACTION

### (*Negligence – Defendant Brar*)

21.     Plaintiffs incorporate by reference paragraphs 1 through 20 of this Complaint as if completely rewritten herein.

22.     On or about August 26, 2019, Defendant Brar owed a duty to the motoring public, Mr. Tollett, Mr. French, INS, and Schneider to reasonably and safely operate a motor vehicle while on public roads and in accordance with all applicable traffic laws.

23.     On or about August 26, 2019, Defendant Brar breached that duty by negligently, carelessly, recklessly, and/or unlawfully operating the Freightliner Truck, causing an impact with the Daimler-Schneider Truck and a subsequent impact between the Daimler-Schneider Truck and the Peterbilt Truck.

24. As a direct and proximate result of Defendant Brar's negligence, Plaintiff INS suffered a loss covered by the physical damage policy that insured the Daimler Tractor. Plaintiff INS, pursuant to the terms of its policy of insurance, paid the sum of $103,047.24, which includes the amount determined to be the Daimler Tractor's total loss, in addition to hazmat cleanup of the site of the Accident.

25. As a direct and proximate result of Defendant Brar's negligence, recklessness, carelessness, and/or unlawful conduct as aforesaid, Plaintiff Schneider suffered damages in the amount of $38,433.76, which includes trailer damages, cargo transload expense, trailer tow expense, and trailer loss of use.

## SECOND CAUSE OF ACTION

### (*Negligence Per Se – Defendant Brar*)

26. Plaintiffs incorporate by reference paragraphs 1 through 25 of this Complaint as if completely rewritten herein.

27. On or about August 26, 2019, Defendant Brar was operating the Freightliner Truck, a commercial motor vehicle, in interstate commerce and/or intrastate commerce.

28. Defendant Brar's operation of the Freightliner Truck was governed by AR Code § 27-51-104, N.J.A.C. 13:60-1.1, et seq., and the Federal Motor Carrier Safety Act 49 C.F.R. Parts 300-399.

29. On or about August 26, 2019, Defendant Brar owed a duty to comply with applicable statutes, regulations, and rules related to the safe operation of a commercial motor vehicle in the State of Arkansas.

30. Defendant Brar breached his duty when he violated state and federal statutes and regulations, including but not limited to: AR Code § 27-51-104, N.J.A.C 13:60-1.1, et seq., and

the Federal Motor Carrier Safety Act 49 C.F.R. Parts 300-399.

31. Plaintiffs and Mr. Tollett were, at the time of the collision, within the class of persons whom AR Code § 27-51-104, N.J.A.C 13:60-1.1, et seq., and the Federal Motor Carrier Safety Act 49 C.F.R. Parts 300-399 were meant to protect.

32. As a direct and proximate result of Defendant Brar's failure to comply with AR Code § 27-51-104, N.J.A.C 13:60-1.1, et seq., and the Federal Motor Carrier Safety Act 49 C.F.R. Parts 300-399, Plaintiff INS suffered a loss covered by the physical damage policy that insured the Daimler Tractor.  Plaintiff INS, pursuant to the terms of its policy of insurance, paid the sum of $103,047.24, which includes the amount determined to be the Daimler Tractor's total loss, in addition to hazmat cleanup of the site of the Accident.

33. As a direct and proximate result of Defendant Brar's negligence, carelessness, and/or unlawful conduct as aforesaid, Plaintiff Schneider suffered damages in the amount of $38,433.76, which includes trailer damages, cargo transload expense, trailer tow expense, and trailer loss of use.

## THIRD CAUSE OF ACTION

### (*Vicarious Liability – Defendant AS Express*)

34. Plaintiffs incorporate by reference paragraphs 1 through 33 of this Complaint as if completely rewritten herein.

35. At all times relevant herein, Defendant Brar was acting within the course and scope of his employment and/or agency with Defendant AS Express, with Defendant AS Express' express permission and consent and for its benefit.

6

36. Defendant AS Express is liable under the doctrine of *respondeat superior* and/or any other applicable legal theories of vicarious liability for the acts and/or omissions of Defendant Brar as alleged throughout this Complaint.

37. As a direct and proximate result of Defendant Brar's failure to comply with AR Code § 27-51-104, N.J.A.C 13:60-1.1, et seq., and the Federal Motor Carrier Safety Act 49 C.F.R. Parts 300-399, Plaintiff INS suffered a loss covered by the physical damage policy that insured the Daimler Tractor. Plaintiff INS, pursuant to the terms of its policy of insurance, paid the sum of $103,047.24, which includes the amount determined to be the Daimler Tractor's total loss, in addition to hazmat cleanup of the site of the Accident.

38. As a direct and proximate result of Defendant Brar's negligence, carelessness, and/or unlawful conduct as aforesaid, Plaintiff Schneider suffered damages in the amount of $38,433.76, which includes trailer damages, cargo transload expense, trailer tow expense, and trailer loss of use.

## FOURTH CAUSE OF ACTION

*Negligent Hiring, Retention, Supervision (Defendant AS Express)*

39. Plaintiffs incorporate by reference paragraphs 1 through 38 of this Complaint as if completely rewritten herein.

40. Defendant AS Express owed a legal duty to hire, supervise and train competent employees, including Defendant Brar. Defendant AS Express' duties included a duty to reasonably and sufficiently inquire into Defendant Brar's qualifications as a driver of vehicles owned or maintained within the AS Express inventory, a duty to conduct a search into Defendant Brar's accident history, a duty to use ordinary care to adequately supervise Defendant Brar in the exercise of his duties and a duty to use ordinary care to adequately train Defendant Brar with regard to the

safe performance of his duties, including without limitation, driving the Freightliner Truck safely and in compliance with applicable state and federal laws and regulations so as to avoid collisions with other vehicles.

41. Upon information and belief, Defendant AS Express knew or should have known that Defendant Brar's qualifications and accident history precluded his employment or at a minimum, reasonably required Defendant AS Express to adequately supervise and train Defendant Brar with regard to the safe operation of the Freightliner Truck.

42. Defendant AS Express breached its duty of care by hiring Defendant Brar to drive the Freightliner Truck or alternatively, by failing to adequately and reasonably supervise and train Defendant Brar with regard to the safe operation of the Freightliner Truck. Defendant AS Express' breach allowed Defendant Brar to drive the Freightliner Truck on or about August 26, 2019 without sufficient supervision and training and directly and proximately resulted in the Accident described herein. The nature and scope of Defendant Brar's duties made the Accident reasonably foreseeable.

43. As a direct and proximate result of Defendant AS Express's negligence, Plaintiff INS suffered a loss covered by the physical damage policy that insured the Daimler Tractor. Plaintiff INS, pursuant to the terms of its policy of insurance, paid the sum of $103,047.24, which includes the amount determined to be the Daimler Tractor's total loss, in addition to hazmat cleanup of the site of the Accident.

44. As a direct and proximate result of Defendant AS Express's negligence, Plaintiff Schneider suffered damages in the amount of $38,433.76, which includes trailer damages, cargo transload expense, trailer tow expense, and trailer loss of use.

## **CONCLUSION**

WHEREFORE, Plaintiffs demand judgment against Defendant AS Express Corporation and Defendant Manpreet Brar, as follows:

    A.    Plaintiffs seeks damages of $141,481.00.

    B.    Attorneys' fees;

    C.    Pre- and post-judgment interest and costs; and

    D.    Any other relief this Court deems just and appropriate.

**POWELL, KUGELMAN & POSTELL, LLC**
Attorneys for Plaintiffs,
INS Insurance, Inc., as Subrogee of Dan Tollett, and Schneider National Carriers, Inc.

BY: _____
Joseph M. Powell

Dated: July 26, 2022